J-S56001-16
J-S56002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: J.B., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: M.B., FATHER | No. 341 MDA 2016 |

Appeal from the Order Entered January 29, 2016
In the Court of Common Pleas of Lancaster County
Juvenile Division at No(s): CP-36-DP-0000220-2015

| IN THE INTEREST OF: J.B., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: A.R., MOTHER | No. 342 MDA 2016 |

Appeal from the Order Entered January 29, 2016
In the Court of Common Pleas of Lancaster County
Juvenile Division at No(s): CP-36-DP-0000220-2015

BEFORE: BENDER, P.J.E., PANELLA, J. and STEVENS, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 31, 2016**

M.B. (Father) and A.R. (Mother) each appeal from the trial court's January 29, 2016 orders finding that aggravated circumstances existed as to both Father and Mother with regard to the abuse of J.B. (Child), born in August of 2015. The court noted that Child was deemed to be a dependent child, that he had been the victim of physical abuse that resulted in serious bodily injury, and that Mother and Father were the perpetrators.[1] After review, we affirm.

_____

[1] We consolidate Father's and Mother's appeals for disposition purposes in that the cases were dealt with together below and the orders and opinions supporting those orders were identical.

In an addendum to its aggravated circumstances orders, the court explained the facts of the case and its reasons for its conclusions, stating:

On October 17, 2015, [J.B.] (hereinafter "Child") was treated by the Lancaster General Hospital Emergency Department with a bump on the back of his scalp. [A.R.] (hereinafter "Mother") and [M.B.] (hereinafter "Father") were present with the Child at the hospital. At that time the Mother indicated that the Child rolled over and struck his head on a metal bar in the bassinet while sleeping. This explanation for the injuries was deemed implausible by Hospital Staff.

The Child was then transported to Hershey Medical Center where it was discovered that the Child had a skull fracture. The Mother's explanation as to the Child doing this to himself was refuted by Dr. Kent P. Hymel, MD[][1] as the Child does not have the dexterity necessary to cause a skull fracture to himself.

[1]Dr. Hymel is a Child Abuse Pediatrician, and testified as an expert in Child Abuse during the hearing.

In a follow-up exam[,] it was found that the Child also had a compression fracture of the 11th thoracic vertebrae. Dr. Hymel indicated that this sort of injury would only be caused by using significant force to slam the Child down, or by having the Child fall directly on his bottom from a high location.

Child abuse occurs when a person intentionally, knowingly, or recklessly causes impairment of physical condition or substantial pain to a child through any recent act or failure to act. Based on the testimony of Dr. Hymel it is clear that the multiple injuries sustained by the Child could not have been self-inflicted. It is also clear that these injuries could not have occurred except for the acts or omissions of the Mother and Father. Mother and Father did not provide convincing alternative explanations for the skull fracture and compression fracture of the thoracic vertebrae that the Child suffered while in their care.

A perpetrator of abuse includes a parent of the child who has committed child abuse. Aggravated [c]ircumstances exist when "the child or another child of the parent has been the victim of

- 2 -

physical abuse resulting in serious bodily injury, sexual violence or aggravated physical neglect by the parent."

The Court finds by clear and convincing evidence that the Child is an abused child, and that Mother and Father were the perpetrators. Aggravated circumstances exist.

Aggravated Circumstances Orders, 1/29/16, Addendum (some footnotes omitted). Based on this determination, the court continued Child's placement with a family member, and directed that efforts to reunify the family were to continue with a permanency review to be held in six months.

Both Father and Mother filed timely appeals and concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).[2] Father's brief contains the following two issues:

A. Whether the [c]ourt erred when it found aggravated circumstances existed as to Father.

B. Whether the [c]ourt erred when it determined Father was the perpetrator of abuse against the child.

Father's brief at 6. Likewise, Mother's brief contains two issues, which are stated as follows:

I. Whether the [c]ourt erred when it concluded that there was clear and convincing evidence presented to establish that aggravated circumstances exist as to Mother.

II. Whether the [c]ourt erred in concluding that it was proven that Mother committed physical abuse resulting in serious bodily injury or aggravated neglect to the child.

Mother's brief at 6.

_____

[2] Neither parent appealed from the dependency orders.

We begin by noting that our "standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law." *In re L.Z.*, 111 A.3d 1164, 1174 (Pa. 2015). We review for abuse of discretion…." *Id.*

Both parties argue that insufficient evidence exists in the record to prove that they were the perpetrators of the abuse suffered by Child and that aggravated circumstances existed.

The relevant portion of Section 6303 of the Child Protective Services Law (CPSL)[3] defines "child abuse" as "intentionally, knowingly or recklessly … [c]ausing bodily injury to a child through any recent act or failure to act." 23 Pa.C.S. § 6303(b.1)(1). The existence of "child abuse" must be proven by clear and convincing evidence. *See L.Z.*, 111 A.3d at 1174. However, depending on the circumstances, the identity of the abuser may be established by *prima facie* evidence. *Id.*

> [E]vidence that a child suffered injury that would not ordinarily be sustained but for the acts or omissions of the parent or responsible person is sufficient to establish that the parent or responsible person perpetrated that abuse unless the parent or responsible person rebuts the presumption. The parent or

---

[3] Section 6303 was amended, effective December 31, 2014, and includes a revised definition of "child abuse" that is applicable to the present case because Child's injuries occurred after the effective date of the amendments. *See* 23 Pa.C.S. § 6303(b.1).

responsible person may present evidence demonstrating that they did not inflict the abuse, potentially by testifying that they gave responsibility for the child to another person about whom they had no reason to fear or perhaps that the injuries were accidental rather than abusive. The evaluation of the validity of the presumption would then rest with the trial court['s] evaluating the credibility of the *prima facie* evidence presented by the CYS agency and the rebuttal of the parent or responsible person.

*Id.* at 1185 (footnote omitted). **See also** 23 Pa.C.S. § 6381(d) ("Prima facie evidence of abuse").[4]

The trial court did not abuse its discretion by determining that Child suffered abuse due to Father's and Mother's acts and/or omissions. The court discussed its recognition that Father and Mother made contradictory statements to Dr. Hymel, to the caseworker from the Agency, and to law enforcement officers "investigating the matter as to how their two month old baby suffered a skull fracture, swelling of the scalp, bleeding under the skull, and a spine fracture." Trial Court Opinion (TCO), 3/28/16, at 4 (unnumbered). The court then discussed the three possible explanations provided by testimony at the hearing, but the court concluded that none

---

[4] Section 6381 provides that:

Evidence that a child has suffered child abuse of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the welfare of the child shall be *prima facie* evidence of child abuse by the parent or other person responsible for the welfare of the child.

23 Pa.C.S. § 6381(d).

were "credible or persuasive rebuttal evidence to the presumption of responsibility for the abuse."[5] After our review of the record, we conclude that it supports the court's conclusion that Father and Mother committed child abuse pursuant to Section 6303(b.1)(1).

We now turn to the parties' allegation that the evidence of record did not establish that aggravated circumstances existed. The trial court explained its reasoning as follows:

> Aggravated Circumstances exist when "[t]he child or another child of the parent has been the victim of physical abuse resulting in serious bodily injury, sexual violence, or aggravated physical neglect by the parent." (42 Pa.C.S. § 6302) Serious Bodily Injury is defined as "bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily members or organ.["] (42 Pa.C.S. § 6302) The statutory standard requires that the court find that abuse occurred, that it was inflicted by a parent, and that it is a serious bodily injury. For the reasons set forth in the previous section, this [c]ourt is convinced that Mother and Father were the perpetrators of the abuse.[6] The only remaining issue is whether

---

[5] One explanation suggested Child's paternal grandmother with whom Mother and Father lived was the responsible party because she may have been drinking when caring for Child. A second explanation considered by the court was directed at a parent's cousin who cared for Child for about an hour, three or four days before Child was taken to the hospital. The third explanation concerned Mother's statement to a law enforcement officer that Child had rolled off an air mattress or off Mother's chest on two occasions. *See* TCO at 4-5.

[6] Specifically, the trial court discussed the testimony it found credible and upon which it relied, stating in its opinion:

*(Footnote Continued Next Page)*

- 6 -

or not the injuries suffered by the child amounted to serious bodily injury. As the record clearly demonstrated, this two month old infant suffered a fractured skull, swelling of the scalp, bleeding under the skull, and a fractured spine. Dr. Hymel testified that both injuries were painful. (N.T. 01/21/2016, [at] 15) Due to the severity of the injuries, and the lack of a credible explanation, this [c]ourt determined that [Child] suffered a serious bodily injury. The explanations given by [Child's] parents, insofar as they could be gleaned from indirect reporting, lacked all credibility. These excuses were plentiful, disjointed, and insufficient to explain the serious injuries. Therefore, aggravated circumstances exist as to the Mother and the Father.

TCO at 5-6.

Based upon the findings by the court, which are supported by the evidence of record, we conclude that aggravated circumstances existed pursuant to 42 Pa.C.S. § 6302(2). Accordingly, Father's and Mother's issues are without merit and we affirm the trial court's orders.

Orders affirmed.

*(Footnote Continued)* ────────────

Dr. Hymel, the examining physician made it clear that the multiple injuries sustained by [Child] could not have been self-inflicted, and that these injuries could not have occurred except for the acts or omissions of the adult responsible for him. (N.T. 01/21/2016, [at] 12) Both Mother and Father are on the birth certificate and served as the responsible parties overseeing [Child.] ([*I*]*d.* at 43, 70) There was a finding of abuse against [Child], and the Mother and Father are the parents and the responsible parties.

TCO at 3.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/31/2016